G. S. RAINEY, adm'r, *v.* MARY BIGGART et al.

CHANCERY PLEADING AND PRACTICE. *Sale of real estate. Dower.* Upon a bill filed to sell a house and lot, and, by consent, one-third of the purchase money goes to the widow in lieu of dower, it is error, on motion, to allow the purchaser to have an account to ascertain the amount of indebtedness of the widow to the purchaser, which is sought to be set off against the sum allowed in lieu of dower.

FROM GIBSON.

Appeal from the Chancery Court at Humboldt. JOHN SOMERS, Ch.

H. T. JOHNSON for Complainants.

McFARLAND & BOBBITT for Defendants.

McFARLAND, J., delivered the opinion of the Court.

The pleadings in this cause have not been brought up, but it is agreed that the bill was filed to sell a house and lot in Humboldt, to pay the debts of William Biggart, deceased; that the property was sold and bought by the complainant for $1,000, one-third of which—$333.33⅓—was, by consent, decreed to the defendant, Mary Biggart, in lieu of dower. This decree was rendered at the December Term, 1871.

At the January Term, 1876, it was ordered, upon motion of the complainant, that the cause be referred to the Clerk and Master to take additional proof by complainant as to claims paid for defendant, Mary Biggart, by way of accounts in his favor, and whether the amount due Mrs. Biggart in lieu of dower had been paid

The defendant excepted to this order.

Much testimony was taken, and the Clerk and Master made a report, showing the amount of a store account claimed by the complainant against Mrs. Biggart, beginning as far back as 1868, before the bill in this case was filed, and coming up to 1874, amounting to $400.28, $53.10 of which the Clerk and Master reports as not proven. He also reports that complainant paid for Mrs. Biggart to James Campbell $50 for rent.

On the other hand, the Clerk and Master reported credits or offsets to this account more than sufficient to extinguish it.

There were exceptions by both sides going into the merits of the respective accounts, which were somewhat complicated.

Thereupon, the Chancellor, without considering the exceptions in detail, determined that complainant had fully paid and discharged the amount due Mrs. Biggart for dower. He reached this result by allowing the complainant's account, and all exceptions were overruled or sustained in general terms, so as to reach this result, and no further.

The decree seems to us to be manifestly erron-

eous. It is clear that the money due Mrs. Biggart for her dower has not been paid; it is admitted that it has not. Whether the complainant has a debt against Mrs. Biggart which he can properly have set off against the amount due her in lieu of her dower, is a question in no way involved in this cause. The adjustment of their claims and counter claims is a matter to be settled between them in some appropriate proceeding, and is in no way involved in the present case. No such question can possibly be at issue between the parties according to the statement we have of the case, and it was error to inject this new litigation into the present case by motion simply, especially as it was objected to. The entire matter of these accounts was *coram non judice.*

The decree will be reversed, and the cause remanded to be regularly proceeded with.

The complainant will pay all the costs incident to the taking of said account, as well as the costs of this Court.